# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NO. 20- 1026 |
| DAVID ELMAKAYES | : | |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The defendant, David Elmakayes, is charged in a criminal complaint with violations of Title 18, United States Code, Sections 844(i)(maliciously damaging property used in interstate commerce by means of an explosive), and 922(g)(1), 924(e) (felon in possession of a firearm, armed career criminal). On June 3, 2020, he used an explosive device to heavily damage an automated teller machine outside of 217 East Westmoreland Street in Philadelphia. He had three more explosive devices and a .32 caliber pistol with him at the time.

Elmakayes has four prior convictions for distribution of controlled substances, and one for aggravated assault. He has spent time in prison and is currently on probation. When he committed his crimes in this case, he was already wanted for violating probation in all five of the above cases, and there were five bench warrants open for his arrest.

Because no condition or combination of conditions will reasonably assure the safety of the community at large, and because there is a serious risk that Elmakayes will flee and fail to appear in Court as required, the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and his pretrial detention.

## I.      **THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

### A.      **Probable Cause and the Evidence in This Case**

1.      There is probable cause to believe that the defendant has committed violations of Title 18, United States Code, Sections 844(i)(maliciously damaging property used in interstate commerce by means of an explosive), and 922(g)(1), 924(e) (felon in possession of a firearm, armed career criminal) as charged in the Complaint.

2.      The evidence in this case is strong, and is summarized in the affidavit that accompanies the complaint and warrant, which is attached to this Motion as Exhibit 1 and incorporated here. It will not be detailed here in the interest of brevity. In sum, the defendant used an explosive device to blow up an ATM near 217 Westmoreland Street in Philadelphia on the night of June 3, 2020. When he was arrested approximately a block away, he had three more explosive devices, a .32 caliber handgun, drugs, and drug paraphernalia on his person and in his backpack. He is a multiply convicted felon, and as such he is prohibited from possessing firearms. The explosive devices he carried were powerful "M-1000" devices, which are dangerous and unstable, and carry enough explosive power to cause serious bodily injury and even death. The ATM he bombed was the property of a New Jersey company, and was used in commerce. His gun previously traveled in commerce.

### B.      **Maximum Penalties**

Elmakayes faces a maximum possible sentence of life in prison with a mandatory minimum of twenty years' imprisonment, three years' supervised release, a $500,000 fine, and a

$200 special assessment. He appears to qualify as an armed career criminal. The government estimates that the guideline range Elmakayes faces in this case is 210-262 months. He additionally faces sanctions in the Philadelphia courts in his five violation of probation cases.

### C.   Criminal Record

The defendant has four prior convictions for drug trafficking crimes and one for aggravated assault. He is presently on probation, and is subject to a state court detainer and five bench warrants for violating his supervision.

### D.   Lack of Community Ties/Employment

Elmakayes reported to pretrial services that he worked in a convenience store, and is a lifelong resident of Philadelphia. His community ties were clearly insufficient to prevent him from committing his previous crimes, violating probation in five cases, or committing his crimes in this case.

## II.   CONCLUSION

When all these factors are viewed in light of the substantial sentences defendant faces, it is clear that no condition or combination of conditions will reasonably assure the safety of any other person or the community, or assure that the defendant will appear as required.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

*/s/ Joseph A. LaBar*
JOSEPH A. LaBAR
Assistant United States Attorney

3

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA            :

                 v.            :      **MAGISTRATE NO. 20- 1026**

DAVID ELMAKAYES            :

## PRETRIAL DETENTION ORDER

        AND NOW, this        day of                    , 2020, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

           (a) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

           (b) the government has proven by a preponderance of evidence that that no condition or combination of conditions will reasonably assure the defendant's appearance in court, as required by Title 18, United States Code, Section 3142(e).

        The Court makes the following findings of fact:

        This case is appropriate for detention under Title 18, United States Code, Section 3142(e) based on the following:

        A.     **Probable Cause and the Evidence in This Case**

             1.     There is probable cause to believe that the defendant has committed violations of Title 18, United States Code, Sections 844(i)(maliciously damaging property used in interstate commerce by means of an explosive), and 922(g)(1), 924(e) (felon in possession of a firearm, armed career criminal) as charged in the Complaint.

2.      The evidence in this case is strong, and is summarized in the affidavit that accompanies the complaint and warrant, which is attached to the government's Motion as Exhibit 1 and incorporated here. It will not be detailed here in the interest of brevity. In sum, the defendant used an explosive device to blow up an ATM near 217 Westmoreland Street in Philadelphia on the night of June 3, 2020. When he was arrested approximately a block away, he had three more explosive devices, a .32 caliber handgun, drugs, and drug paraphernalia on his person and in his backpack. He is a multiply convicted felon, and as such he is prohibited from possessing firearms. The explosive devices he carried were powerful "M-1000" devices, which are dangerous and unstable, and carry enough explosive power to cause serious bodily injury and even death. The ATM he bombed was the property of a New Jersey company, and was used in commerce. His gun previously traveled in commerce.

**B.      Maximum Penalties**

Elmakayes faces a maximum possible sentence of life in prison with a mandatory minimum of twenty years' imprisonment, three years' supervised release, a $500,000 fine, and a $200 special assessment. He appears to qualify as an armed career criminal. The government estimates that the guideline range Elmakayes faces in this case is 210-262 months. He additionally faces sanctions in the Philadelphia courts in his five violation of probation cases.

**C.      Criminal Record**

The defendant has four prior convictions for drug trafficking crimes and one for aggravated assault. He is presently on probation, and is subject to a state court detainer and five bench warrants for violating his supervision.

**D.      Lack of Community Ties/Employment**

Elmakayes reported to pretrial services that he worked in a convenience store, and is a lifelong resident of Philadelphia. His community ties were clearly insufficient to prevent him

2

from committing his previous crimes, violating probation in five cases, or committing his crimes in this case.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE RICHARD A. LLORET
*United States Magistrate Judge*

3

## **CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed

Order was served via electronic court filing, on the following defense counsel:

Katrina Young, Esq.
Federal Defender Association


*/s/ Joseph A. LaBar*
JOSEPH A. LaBAR
Assistant United States Attorney


Date: June 22, 2020