# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **MAGISTRATE NO. 20 - 1026** |
| **DAVID ELMAKAYES** | : | |

## GOVERNMENT'S UNOPPOSED MOTION FOR CONTINUANCE PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3161(h)(7)(A)

The United States of America, by and through its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Joseph A. LaBar, Assistant United States Attorney, moves for a 30-day continuance of the time within which an Indictment or Information must be filed in this case, and in support of this motion states as follows:

1. On June 17, 2020, a Complaint was filed by the United States Attorney's Office charging defendant David Elmakayes with violations of Title 18, United States Code, Sections 844(i)(maliciously damaging property used in interstate commerce by means of an explosive) and 922(g)(1), 924(e) (felon in possession of a firearm, armed career criminal).

2. On June 18, 2020, the defendant was arrested.

3. The Speedy Trial Act, 18 U.S.C. § 3161(b), requires that an Indictment or Information be filed within 30 days from the date on which the defendant was arrested, in this case by July 18, 2020.

4. On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020,

before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania are continued pending further Court order. The Chief Judge described actions of public health authorities to limit the spread of the virus, and further described the impact of COVID-19 on the availability of jurors. On March 18, 2020, the Chief Judge entered a supplemental Standing Order, stating in part:

> Developments during the short time since the March 13, 2020, Standing Order was issued reinforce the Court's finding, with regard to criminal jury trials, that the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. On March 15, 2020, the Centers for Disease Control and Prevention issued interim guidance recommending the cancelation of gatherings of more than 10 people for organizations that serve higher-risk populations. The following day, the President of the United States issued guidance recommending that people not gather in groups of more than 10 people for the ensuing 15 days. These developments further impede the Court's ability to proceed with jury selection and jury trials at this time. In addition, the Bureau of Prisons' suspension of most legal visitation for a 30-day period beginning March 13, 2020, will limit defense counsel's ability to effectively prepare for trial.
>
> Because the developments regarding COVID-19 in this district outlined above and in the March 13, 2020, Standing Order also adversely affect the Court's ability to maintain the continued operation of grand juries, it is ORDERED the deadlines for filing an indictment or information set forth in 18 U.S.C. § 3161(b) and (d)(1) are CONTINUED in every matter in this district. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. The time period of any continuance entered as a result of this Standing Order shall therefore be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

5. On April 10, 2020, the Chief Judge issued an additional Standing Order extending the suspension of grand jury meetings through May 31, 2020. In explaining his Order, the Chief Judge described the worsening conditions caused by the COVID-19 outbreak since the entry of the earlier standing orders, the additional restrictions imposed by public health officials in response to those conditions, and the unavoidable impact of those circumstances on the ability to conduct grand jury proceedings. The April 10 order stated:

> Due to the unavailability of a grand jury in this district during this period, the deadlines for filing an indictment or information under 18 U.S.C. § 3161(b) and (d)(1), which were previously continued in the March 18 Standing Order, shall remain continued through May 31, 2020. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. Because of the temporary unavailability of a grand jury in this district due to ongoing COVID-19 public health emergency, it is unreasonable to expect return and filing of an indictment within the period specified under § 3161(b). See 18 U.S.C. § 3161(h)(7)(B)(iii). In computing the time within which an indictment or information must be filed under 18 U.S.C. § 3161(b) or (d)(1), the period of time from March 18, 2020, through May 31, 2020, shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in all cases in this district. The Court may extend the period of exclusion as circumstances warrant. Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

6.   On June 30, 2020, the Chief Judge issued another standing order further continuing the deadlines for filing an indictment or information, stating in part:

> " Because grand juries continue to be unavailable in this district at this time due to the current public health situation, the deadlines for filing an indictment or information under 18 U.S.C. § 3161(b) and (d)(1), which were previously continued in the Standing Orders issued on March 18, April 10, and May 29, shall remain continued through the earlier of July 31, 2020, or the date the requisite quorum of grand jurors is obtained to consider the particular matter. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. In light of the temporary unavailability of a grand jury in this district due to the ongoing COVID-19 public health emergency, it is unreasonable to expect return and filing of an indictment within the period specified under § 3161(b). See 18 U.S.C. § 3161(h)(7)(B)(iii). In computing the time within which an indictment or information must be filed under 18 U.S.C. § 3161(b) or (d)(1), the additional period of time from June 30, 2020, through the earlier of July 31, 2020, or the date the requisite quorum of grand jurors is obtained to consider the particular matter shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in all cases in this district.

7.   As the Chief Judge found, the crisis presented by COVID-19 affects the orderly operation of the criminal justice system. Restrictions on public movement impede the ability of law enforcement officials to gather evidence, meet with witnesses, and present evidence to a grand jury, and, as the Chief Judge stated, limit the ability of defense counsel to meet with clients and otherwise prepare a defense. In this particular case, the government estimates that it requires

the continuance requested here in order to complete its investigation and the presentation of evidence to a grand jury.

8.      Additionally, the government and the defendant are engaging in discussions to resolve this matter through a non-trial disposition.

9.      Counsel for the defendant has represented that the defendant does not oppose the government's request for a 30-day continuance.

WHEREFORE, for the above reasons, it is respectfully submitted that the ends of justice will be served best by the granting of a continuance of 30 days of the time within which to file an Indictment or Information in this case, that is, until August 18, 2020.

>   Respectfully submitted,
>
>   WILLIAM M. McSWAIN
>   United States Attorney
>
>
>   */s Joseph A. LaBar*
>   JOSEPH A. LaBAR
>   Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | MAGISTRATE NO. 20- 1026 |
| **DAVID ELMAKAYES** | : | |

**O R D E R**

AND NOW, this First day of July, 2020, the Court finds as follows:

1. On June 17, 2020, a Complaint was filed by the United States Attorney's Office charging defendant David Elmakayes with violations of Title 18, United States Code, Sections 844(i)(maliciously damaging property used in interstate commerce by means of an explosive), and 922(g)(1), 924(e) (felon in possession of a firearm, armed career criminal).

2. On June 18, 2020, the defendant was arrested.

3. The Speedy Trial Act, 18 U.S.C. § 3161(b), requires that an Indictment or Information be filed within 30 days from the date on which the defendant was arrested, in this case by July 18, 2020.

4. On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania are continued pending further Court order. The Chief Judge described actions of public health authorities to limit the spread of the virus, and further described the impact of COVID-19 on the

availability of jurors. On March 18, 2020, the Chief Judge entered a supplemental Standing Order, stating in part:

> Developments during the short time since the March 13, 2020, Standing Order was issued reinforce the Court's finding, with regard to criminal jury trials, that the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. On March 15, 2020, the Centers for Disease Control and Prevention issued interim guidance recommending the cancelation of gatherings of more than 10 people for organizations that serve higher-risk populations. The following day, the President of the United States issued guidance recommending that people not gather in groups of more than 10 people for the ensuing 15 days. These developments further impede the Court's ability to proceed with jury selection and jury trials at this time. In addition, the Bureau of Prisons' suspension of most legal visitation for a 30-day period beginning March 13, 2020, will limit defense counsel's ability to effectively prepare for trial.
>
> Because the developments regarding COVID-19 in this district outlined above and in the March 13, 2020, Standing Order also adversely affect the Court's ability to maintain the continued operation of grand juries, it is ORDERED the deadlines for filing an indictment or information set forth in 18 U.S.C. § 3161(b) and (d)(1) are CONTINUED in every matter in this district. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. The time period of any continuance entered as a result of this Standing Order shall therefore be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

5. On April 10, 2020, the Chief Judge issued an additional Standing Order extending the suspension of grand jury meetings through May 31, 2020. In explaining his Order, the Chief Judge described the worsening conditions caused by the COVID-19 outbreak since the entry of the earlier standing orders, the additional restrictions imposed by public health officials in response to those conditions, and the unavoidable impact of those circumstances on the ability to conduct grand jury proceedings. The April 10 order stated:

> Due to the unavailability of a grand jury in this district during this period, the deadlines for filing an indictment or information under 18 U.S.C. § 3161(b) and (d)(1), which were previously continued in the March 18 Standing Order, shall remain continued through May 31, 2020. The Court finds the ends of justice served by granting a continuance

outweigh the best interest of the public and each defendant in a speedy trial. Because of the temporary unavailability of a grand jury in this district due to ongoing COVID-19 public health emergency, it is unreasonable to expect return and filing of an indictment within the period specified under § 3161(b). See 18 U.S.C. § 3161(h)(7)(B)(iii). In computing the time within which an indictment or information must be filed under 18 U.S.C. § 3161(b) or (d)(1), the period of time from March 18, 2020, through May 31, 2020, shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in all cases in this district. The Court may extend the period of exclusion as circumstances warrant. Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

6. On June 30, 2020, the Chief Judge issued another standing order further continuing the deadlines for filing an indictment or information, stating in part

"Because grand juries continue to be unavailable in this district at this time due to the current public health situation, the deadlines for filing an indictment or information under 18 U.S.C. § 3161(b) and (d)(1), which were previously continued in the Standing Orders issued on March 18, April 10, and May 29, shall remain continued through the earlier of July 31, 2020, or the date the requisite quorum of grand jurors is obtained to consider the particular matter. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. In light of the temporary unavailability of a grand jury in this district due to the ongoing COVID-19 public health emergency, it is unreasonable to expect return and filing of an indictment within the period specified under § 3161(b). See 18 U.S.C. § 3161(h)(7)(B)(iii). In computing the time within which an indictment or information must be filed under 18 U.S.C. § 3161(b) or (d)(1), the additional period of time from June 30, 2020, through the earlier of July 31, 2020, or the date the requisite quorum of grand jurors is obtained to consider the particular matter shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in all cases in this district.

7. As the Chief Judge found, the crisis presented by COVID-19 affects the orderly operation of the criminal justice system. Restrictions on public movement impede the ability of law enforcement officials to gather evidence, meet with witnesses, and present evidence to a grand jury, and, as the Chief Judge stated, limit the ability of defense counsel to meet with clients and otherwise prepare a defense. In this particular case, the government estimates that it requires the continuance requested here in order to complete its investigation and the presentation of evidence to a grand jury.

8. Additionally, the government and the defendant are engaging in discussions to resolve this matter through a non-trial disposition.

9. Counsel for the defendant has represented that the defendant does not oppose the government's request for a 30-day continuance.

10. This Court agrees with and adopts the findings of the Chief Judge, and agrees with the government's representations regarding the impact of the COVID-19 crisis on this case. The Court therefore finds that these reasons cause the ends of justice to best be served by granting a further continuance in this matter, and that these reasons outweigh the interests of the public and the defendant in a speedy trial.

WHEREFORE, in accordance with Title 18, United States Code, Section 3161(h)(7)(A), it is hereby ORDERED that the time in which an Indictment or Information must be filed in the above action is continued for a period of 30 additional days, until August 18, 2020.

**BY THE COURT:**

*/s David R. Strawbridge*
**HONORABLE DAVID R. STRAWBRIDGE**
**United States Magistrate Judge**

## **CERTIFICATE OF SERVICE**

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

>James Joseph McHugh, Jr. Esquire
>Defender Association of Philadelphia
>601 Walnut Street - Suite 540 West
>Curtis Building Independence Square West
>Philadelphia, PA 19106

>*/s/ Joseph A. LaBar*
>JOSEPH A. LaBAR
>Assistant United States Attorney

Dated: July 1, 2020.