IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 20-218 |
| | : | |
| DAVID ELMAKAYES | : | |
| | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                     **December 20, 2023**

Petitioner-Defendant David Elmakayes ("Defendant") brings this *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 45) arguing ineffective assistance of counsel. The Government filed a Response in Opposition (ECF No. 49). For the reasons set forth below, this Court will deny Defendant's Motion without holding an evidentiary hearing. An appropriate Order will follow.

**I.      BACKGROUND**

On June 3, 2020, Defendant used an explosive device to heavily damage an automated teller machine ("ATM") outside of 217 East Westmoreland Street in Philadelphia. When he was apprehended a short time later, it was discovered that he had three additional explosive devices and a .32 caliber pistol with him. At the time of the offense, Defendant had previously been convicted of several crimes that carried possible penalties of over a year in prison and was therefore prohibited from possessing firearms.

On August 4, 2020, Defendant was charged in a three-count Indictment with: (Count One) maliciously damaging property used in interstate commerce by means of an explosive in violation of 18 U.S.C. § 844(i); (Count Two) carrying explosives during the commission of a felony in violation of 18 U.S.C. § 884(h)(2); and (Count Three) possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). ECF No. 11. On February 10, 2022, pursuant to a

1

guilty plea agreement, Defendant pled guilty to Counts One and Three and the Government agreed that, at sentencing, it would move to dismiss Count Two of the Indictment. ECF Nos. 31, 32. The plea was entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and accordingly, the parties agreed and recommended that the appropriate disposition of the case was 180 months' imprisonment, three years' supervised release, a $200 special assessment, and a fine, if any, as determined by the Court. ECF No. 31.

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"), which, *inter alia*, provided the calculation of Defendant's guideline sentence range of 180 to 210 months, and confirmed that Defendant had three prior Pennsylvania state court convictions for manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance (either heroin, crack cocaine, or both together) in violation of 35 Pa. Stat. § 780-113(a)(30), thus qualifying him as an Armed Career Criminal within the meaning of 18 U.S.C. § 924(e). PSR ¶¶ 35, 42, 44, 46. On June 14, 2022, the Court accepted the plea agreement, granted the Government's Motion to Dismiss Count Two, and imposed the agreed upon sentence of 180 months' imprisonment, which was the bottom of the guideline range. ECF No. 38.

On September 29, 2023, Defendant filed the present *pro se* Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 45), to which the Government filed a Response in Opposition on December 6, 2023 (ECF No. 49).

## II. **LEGAL STANDARD**

Under 28 U.S.C. § 2255, "a federal prisoner may move to vacate, set aside, or correct his federal sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack."

*United States v. Folk*, 954 F.3d 597, 601 (3d Cir. 2020) (quoting 28 U.S.C. § 2255(a)) (internal quotation marks omitted). Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Gordon*, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (citation omitted).

In evaluating requests for relief under Section 2255, courts "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015) (internal quotation marks and citations omitted). When the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," courts need not hold an evidentiary hearing. *Id.*

### III. DISCUSSION

Defendant's Motion argues that his counsel was ineffective because: (1) his "counsel should have postponed [his] sentencing because, there was a case waiting to be ruled on by the Supreme Court that could have had a tremendous impact on Count 3"; and (2) his "counsel did not argue that [his] previous conviction d[id] not qualify [him] to be given Count 3 because the Federal Statute for heroin and cocaine is more broad than the Pennsylvania Statute." ECF No. 45. For the reasons set forth below, the Court finds Defendant's arguments are without merit based on the record before the Court, and Defendant is therefore not entitled to an evidentiary hearing.

#### A. Legal Standard Applicable to an Ineffective Assistance of Counsel Claim

Ineffective assistance of counsel claims are governed by the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first prong, a defendant must show that counsel's performance was deficient—meaning a defendant must show performance by counsel "fell below an objective standard of reasonableness under prevailing professional norms." *Shotts*

*v. Wetzel*, 724 F.3d 364, 375 (3d Cir. 2013) (quoting *Strickland*, 466 U.S. at 688) (internal quotation marks omitted); *see also Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). In analyzing this prong, "[a] strong presumption exists that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Mitchell*, No. CR 15-0021-6, 2017 WL 4838841, at *4 (E.D. Pa. Oct. 25, 2017) (citing *United States v. Gray*, 878 F.2d 702, 710 (3d Cir. 1989)). "It is [ ] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." *United States v. Kauffman*, 109 F.3d 186, 190 (3d Cir. 1997) (internal quotation marks and citation omitted).

Under the second prong, a defendant must show that counsel's deficient performance prejudiced the defendant. *Jacobs*, 395 F.3d at 105. To prove prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

"The burden is on the defendant in a § 2255 motion to prove his claim of ineffective assistance of counsel." *Mitchell*, 2017 WL 4838841, at *4 (citing *Strickland*, 466 U.S. at 687).

      **B.**    **Pending Supreme Court Case**

As noted above, Defendant summarily argues: "My counsel should have postponed my sentencing because, there was a case waiting to be ruled on by the Supreme Court that could have had a tremendous impact on Count 3." ECF No. 45 at 5. This one sentence does not entitle Defendant to any relief as it does not satisfy the *Strickland* test.

First, Defendant did not identify the pending Supreme Court case he argues "could have had a tremendous impact on Count 3." *Id.* Without the name or any particulars of the Supreme

4

Court case, this Court cannot conclude that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms by not delaying his case, nor can the Court glean any prejudice to the Defendant. Second, the Court notes that Defendant's case had been open for almost two years as of the date of Defendant's sentencing and the Court has no basis to determine that a further delay would have changed the outcome of Defendant's case, especially in light of his guilty plea. Accordingly, this argument is without merit and entitles Defendant to no relief.

### C. Classification as an Armed Career Criminal

Defendant also summarily argues that: "My counsel did not argue that my previous conviction d[id] not qualify me to be given Count 3 because the Federal Statute for heroin and cocaine is more broad than the Pennsylvania Statute." ECF No. 45 at 6. This argument is also without merit. Defendant cannot demonstrate that his attorney's performance was deficient or that he suffered any prejudice as a result of his counsel not arguing that his prior drug convictions were not "serious" predicate offenses.

The Armed Career Criminal Act ("ACCA") "imposes a mandatory minimum sentence of fifteen years on those who violate § 922(g) and have three prior convictions for a 'violent felony' or a 'serious drug offense.'" *United States v. Winn*, No. 20-1477, 2022 WL 636633, at *4 (3d Cir. Mar. 4, 2022), *cert. denied*, 143 S. Ct. 249 (2022). As defined at 18 U.S.C. § 924(e)(2)(A)(ii), the term "serious drug offense" means "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substance Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law."

Here, Defendant had three previous convictions under 35 Pa. Stat. § 780-113(a)(30), which prohibits in relevant part "the manufacture, delivery, or possession with intent to manufacture or deliver[] a controlled substance." 35 Pa. Stat. § 780-113(a)(30); *see also* PSR ¶ 35 n.5. The Third Circuit has held that a violation of 35 Pa. Stat. § 780-113(a)(30) constitutes a serious drug offense under § 924(e)(2)(A)(ii). *United States v. Daniels*, 915 F.3d 148, 149 (3d Cir. 2019); *see also Winn*, 2022 WL 636633, at *4. Thus, Defendant's prior convictions are properly classified as ACCA predicates.

"[E]ffective assistance does not demand that every possible motion be filed, but only those having a solid foundation." *United States v. Swinehart*, 617 F.2d 336, 341 (3d Cir. 1980) (citation omitted). As Defendant was previously convicted under a statute which the Third Circuit had found to be an ACCA predicate, there was no foundation for Defendant's attorney to make such an argument. Therefore, Defendant's counsel was not ineffective for failing to raise an argument that was at odds with circuit precedent. Moreover, Defendant was in no way prejudiced by counsel's failure to raise such an argument. Accordingly, Defendant's argument is without merit.

### IV.  CERTIFICATE OF APPEALABILITY

"When a district court issues a final order denying a § 2255 motion, the court must also determine whether a certificate of appealability . . . should issue." *United States v. Kastory*, No. 2:22-CR-142, 2023 WL 5901646, at *6 (W.D. Pa. Sept. 11, 2023) (internal quotation marks and citation omitted). The law permits the issuance of a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based upon the Motion and files and records of this case, and for the reasons set forth

herein, the Court finds that Defendant has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability will not issue.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 45) will be denied and a certificate of appealability will not issue. An appropriate Order will follow.

**BY THE COURT:**

*/s/ Chad F. Kenney*

_____
**CHAD F. KENNEY, JUDGE**